# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. POARCH; R BRETT KRAMER, individually and as trustee of the R. Brett Kramer Trust B; and PJ Oil LLC, On Behalf of Themselves and all Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNIT CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. CIV-23-798-PRW |

## UNIT CORPORATION'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(3) AND 12(B)(6) AND 28 U.S.C. § 1406, WITH BRIEF IN SUPPORT

*/s/ L. Vance Brown*
Eric Huddleston, Esq., OBA #21225
L. Vance Brown, Esq., OBA # 10743
**Elias, Books, Brown & Nelson, P.C.**
Two Leadership Square
211 North Robinson, Suite 1300
Oklahoma City, OK 73102-7149
ehuddleston@eliasbooks.com
vbrown@eliasbooks.com
Tel: 405-208-8555

Of Counsel:

**FROST BROWN TODD LLP**

T. Ray Guy, Esq.[*]
Mark A. Platt, Esq.[*]
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
Tel:      (214) 580-5852
Email:      rguy@fbtlaw.com
                  mplatt@fbtlaw.com

Kenneth R. Breitbeil, Esq.[*]
4400 Post Oak Parkway, Suite 2850
Houston, TX 77027
Telephone:      (713) 590-9300
Email:      kbreitbeil@fbtlaw.com

***Counsel to Unit Corporation***

*Pro hac vice* application pending

# **TABLE OF CONTENTS**

TABLE OF CONTENTS...................................................................................................i

TABLE OF AUTHORITIES ..........................................................................................ii

BRIEF IN SUPPORT ....................................................................................................2

    Summary of Complaint................................................................................................2

        Proposition I
        The Bankruptcy Court, Exercising the Referred Jurisdiction of the
        Texas Federal District Court to Hear This Case, Has Retained
        Exclusive Jurisdiction Through A Final, Non-Appealable Order;
        Therefore, This Court Should Dismiss the Complaint.............................................3

            A.    Under Section 1142 of the Bankruptcy Code and By
                    Virtue of the Texas District Court's Referral, the
                    Bankruptcy Court Has Exclusive Jurisdiction to
                    Determine the Merits of Plaintiffs' Complaint. ..............................5

            B.    Under the Plain Language of the Plan Confirmation
                    Order, the Bankruptcy Court Has Retained
                    Exclusive Jurisdiction to Determine the Merits of
                    Plaintiffs' Complaint.......................................................................4

            C.    Fifth Circuit Precedent Demonstrates That the
                    Jurisdictional Retention in the Plan Confirmation
                    Order and the Confirmed Plan Is Appropriate and
                    Should Be Recognized By This Court Through
                    Entry of an Order Dismissing the Complaint. ..................................7

            D.    Dismissal Is the Appropriate Remedy Under Rule
                    12(b)(6). ............................................................................................8

            E.    Dismissal Is the Appropriate Remedy Under Rule
                    12(b)(3). ............................................................................................9

             F.    Dismissal Is the Appropriate Remedy Under
                    Section 1406(a). ..............................................................................10

         Proposition II
        Pursuant to the Plan Confirmation Order, the Plaintiffs Released
        the Right to Bring, and Are Permanently Enjoined from Bringing,
        the Claims they Allege in the Complaint; Therefore, the Complaint
        Must be Dismissed. ...................................................................................................12

Proposition III
This Action is Superfluous Because Unit Corporation is
Concurrently Filing a Motion to Enforce the Plan Confirmation
Order in the Bankruptcy Court ...........................................................................15

CONCLUSION.......................................................................................................................15

CERTIFICATE OF SERVICE ...............................................................................................17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*CMI Roadbuilding, Inc. v. Wiregrass Construction Company, Inc.*,
    2021 WL 2188807, Case No. CIV-20-832-D (W.D. Okla. May 28, 2021) ....................10, 11

*Digital Equipment Corp. v. Desktop Direct, Inc.*,
    511 U.S. 863 (1994)..........................................................................................................9

*Highland Capital Mgmt., LP v. Chesapeake Energy Corp. (In re Seven Seas
    Petroleum, Inc.)*,
    522 F.3d 575 (5th Cir.2008) ...........................................................................................7

*In re Houlik*,
    481 B.R. 661 (B.A.P. 10th Cir. 2012)...........................................................................8

*Jones v. Bock*,
    549 U.S. 199 (2007)..........................................................................................................9

*Travelers Indem. Co. v. Bailey*,
    557 U.S. 137, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009)........................................8

*In re Unit Corp. et al.*,
    Case No. 20-32740 (Bankr. S.D.TX)...........................................................................1

*Wood v. Milyard*,
    132 S. Ct. 1826 (2012)....................................................................................................8

**Statutes**

18 U.S.C. § 1391(b)(1) .............................................................................................................2

28 U.S.C. § 157, and (ii) .........................................................................................................4

28 U.S.C. § 157(a) .....................................................................................................................4

28 U.S.C. § 157(b)(1) ...........................................................................................................4, 5

28 U.S.C. §§ 1331 and 1334(b) .............................................................................................2

28 U.S.C. § 1391 .......................................................................................................................9

28 U.S.C. § 1406 .......................................................................................................................1

28 U.S.C. § 1406(a) ................................................................................................................10

Bankruptcy Code section 1127(b) .......................................................................................2

Bankruptcy Code section 1142 .................................................................................................3, 4

**Other Authorities**

Federal Rules of Civil Procedure Rules 12(b)(3) and 12(b)(6) .......................................................1

Rule 12(b)(3)....................................................................................................................................9

Rule 12(b)(6)..................................................................................................................................8, 9

Rules 12(b)(3) and 12(b)(6), and section 1406(a) ........................................................15

The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), acting on referral by the United States District Court for the Southern District of Texas (the "Texas Federal District Court") has exclusive jurisdiction to consider the matters alleged in the Amended Complaint [Doc. 13, the "Complaint"] filed by Plaintiffs, the purported representatives of a putative class of interest owners in pre-bankruptcy Unit Corporation. Plaintiffs cannot raise the allegations in their Complaint without filing an adversary proceeding in the Bankruptcy Court. Accordingly, Unit Corporation moves, pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1406, for the dismissal of the Complaint.

In the alternative, this lawsuit should be dismissed because the Plaintiffs released their rights to all of the alleged claims by the terms of the Plan Confirmation Order (defined in footnote), and were enjoined from bringing these claims due to injunctions connected to those releases.[1] The releases and injunctions as provided by the Plan Confirmation Order are fatal to the Plaintiff's instant action and require dismissal of the Complaint. As detailed below, the parties will have the opportunity to litigate the issues raised in the Complaint pursuant to Unit Corporation's Motion to Enforce, which it is filing contemporaneously with the filing of this Motion.

---

[1] Contemporaneously with the filing of this Motion, Unit Corporation is filing in the Bankruptcy Court a *Motion to Enforce the Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Debtors' Amended Joint Chapter 11 Plan of Reorganization* (the Debtor's Amended Joint Chapter 11 Plan of Reorganization at Doc. 320 entered on August 3, 2020 in *In re Unit Petroleum Company*, Case No. 20-32738 (Bankr. S.D.TX) is the "Confirmed Plan", the order at Doc. 340 in Case No. 20-32740 (the previously jointly administered case where the Reorganized Debtor's case resided) entered on August 6, 2020 is the "Plan Confirmation Order", and Unit Corporation's motion to enforce the Plan Confirmation Order is the "Motion to Enforce"). The Motion to Enforce is attached as Exhibit A.

1

**BRIEF IN SUPPORT**

**Summary of Complaint**

Plaintiffs' Complaint alleges - and requests that this Court find – that Unit Corporation has breached its Confirmed Plan. Complaint, at ¶ 1. Plaintiffs assert that they were stockholders in prepetition Unit Corporation, whose prepetition stock was cancelled pursuant to the terms of the Confirmed Plan and as part of the Restructuring Transactions[2] effectuated pursuant to the Confirmed Plan. *Id.* at ¶ 2. Plaintiffs further allege that, under the Confirmed Plan, they were entitled to purchase new stock in post-emergence Unit Corporation in accordance with the Warrant Package approved by and through the Plan Confirmation Order. *Id.* at ¶¶ 2-3. According to Plaintiffs, post-confirmation but pre-Effective Date, Unit Corporation modified the Warrant Package in a manner that requires Bankruptcy Court approval under section 1127(b) of the Bankruptcy Code. Because Unit Corporation did not obtain Bankruptcy Court approval under section 1127(b) of the Bankruptcy Code, Plaintiffs' allege that the new shares must be governed by the terms of the pre-confirmation Warrant Package. *Id.* at ¶¶ 3-5.

Plaintiffs offer the conclusory and unsupported allegation that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1334(b) and that venue is proper in this district under 18 U.S.C. § 1391(b)(1) "because Defendant is subject to personal jurisdiction in this District and therefore resides in this District." *Id.* at ¶¶ 7-8. Plaintiffs allege two counts, (1) an injunction asking this Court to order Unit Corporation to perform according to (Plaintiffs' interpretation of) the Confirmed Plan, and (2) breach of contract regarding the Confirmed Plan. *Id.* at ¶ 46-59.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Confirmed Plan.

**Proposition I**

**The Bankruptcy Court, Exercising the Referred Jurisdiction of the Texas Federal District Court to Hear This Case, Has Retained Exclusive Jurisdiction Through A Final, Non-Appealable Order; Therefore, This Court Should Dismiss the Complaint.**

The final, non-appealable Plan Confirmation Order entered by the Bankruptcy Court provides that:

> The Court may properly, and upon the Effective Date shall, retain exclusive jurisdiction over all matters arising in or related to, the Chapter 11 Cases, including the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

*Id.* at ¶ 88 of the Conclusions of Law.

A. **Under Section 1142 of the Bankruptcy Code and By Virtue of the Texas District Court's Referral, the Bankruptcy Court Has Exclusive Jurisdiction to Determine the Merits of Plaintiffs' Complaint.**

Section 1142 of the Bankruptcy Code, entitled *Implementation of the Plan*, provides that:

> (a)    Notwithstanding any otherwise applicable nonbankruptcy law, rule, or regulation relating to financial condition, the debtor and any entity organized or to be organized for the purpose of carrying out the plan shall carry out the plan and shall comply with any orders of the court.

> (b)    The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

*Id.* The Court to which Congress refers in section 1142 is the Bankruptcy Court. By virtue of the referral made by the Texas Federal District Court, the Bankruptcy Court is the sole court vested with jurisdiction to determine (i) whether Unit Corporation is "carry[ing] out the plan" in accordance with its terms and (ii) if not, whether to issue such orders as it deems necessary to

3

"direct the debtor … to execute or deliver … any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act … that is necessary for the consummation of the plan." *Id.* Plaintiffs' core contention is that the Warrant Package does not properly effect the transfer of property contemplated by the Confirmed Plan and thereby, fails to consummate the Confirmed Plan as it pertains to themselves, the Interest Owners. But, as Congress made clear under section 1142 and the Bankruptcy Court underscored through its Plan Confirmation Order, only the Bankruptcy Court may determine whether the Warrant Package issued to Plaintiffs (i) properly effects the transfer of property contemplated by the Confirmed Plan and (ii) consummates the Confirmed Plan as it pertains to Interest Owners.

> **B.** **Under the Plain Language of the Plan Confirmation Order, the Bankruptcy Court Has Retained Exclusive Jurisdiction to Determine the Merits of Plaintiffs' Complaint.**

In paragraph 88 of the Conclusions of Law section of the Plan Confirmation Order, the Bankruptcy Court not only delineated its continued, exclusive jurisdiction based upon section 1142 of the Bankruptcy Code, but also rested such exclusive jurisdiction (i) by inference, upon 28 U.S.C. § 157, and (ii) by express incorporation, Article XII of the Plan. *See* Plan Confirmation Order, at ¶ 88 of the Conclusions of Law; compare "The Court may properly, and upon the Effective Date shall, retain exclusive jurisdiction over *all matters arising in or related to, the Chapter 11 Cases*" (emphasis added) to 28 U.S.C. § 157(a) (providing that "Each district court may provide that any or *all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11* shall be referred to the bankruptcy judges for the district.") (emphasis added) and to analogous language in 28 U.S.C. § 157(b)(1).

Article XII of the Plan, entitled "RETENTION OF JURISDICTION" provides, in pertinent part:

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Cases and all matters, arising out of, or related to, the Chapter 11 Cases and the Plan, including jurisdiction to:

4.      ensure that distributions to Holders of Allowed Claims or Interests are accomplished pursuant to the provisions of the Plan;

9.      enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and the Restructuring Support Agreement, and all contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan or the Restructuring Support Agreement;

11.      resolve any cases, controversies, suits, disputes, or Causes of Action that may arise in connection with the Consummation, interpretation, or enforcement of the Plan or any Entity's obligations incurred in connection with the Plan or the Restructuring Support Agreement;

12.      issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation or enforcement of the Plan;

16.      determine any other matters that may arise in connection with or relate to the Restructuring Support Agreement, the Plan, the Disclosure Statement, the Confirmation Order, or the Plan Supplement;

17.      adjudicate any and all disputes arising from or relating to distributions under the Plan or any transactions contemplated therein, including any Restructuring Transactions[.]

*Id.*

Each of the foregoing jurisdictional reservations is implicated by the Plaintiffs' Complaint. The Plaintiffs allege that Unit Corporation "has failed to issue warrants to Plaintiffs and members of the putative Plaintiff Class as promised under its bankruptcy plan." Complaint, at ¶ 6. Under incorporated Article XII(4), the Bankruptcy Court has retained exclusive jurisdiction to ensure that distributions to Holders of Interests are accomplished pursuant to the provisions of the Confirmed

Plan. If Plaintiffs are correct that Unit Corporation is obligated to issue a compliant Warrant Package to Interest Owners, then the Bankruptcy Court has retained exclusive jurisdiction to enter "such orders as may be necessary to execute, implement, or consummate the provisions of the Plan[.]" Plan Confirmation Order, at ¶ 88 of the Conclusions of Law (incorporating by reference the Confirmed Plan, at Art. XII(9)). Moreover, such exclusive Bankruptcy Court jurisdiction includes entry of such orders as are necessary in connection with "other agreements or documents created in connection with the Plan[.]" Plaintiffs allege that the Warrant Package to which they are entitled was created by the Plan. Complaint, at ¶ 2.

Plainly, the Complaint constitutes a request that this Court "resolve [a] case[], controvers[y], suit[], dispute[], or Cause[] of Action that … arise[s] in connection with the Consummation, interpretation, or enforcement of the Plan or any Entity's obligations incurred in connection with the Plan or the Restructuring Support Agreement[.]" Plan Confirmation Order, at ¶ 88 of the Conclusions of Law (incorporating by referencing Plan, at Art. XII(11)). The Bankruptcy Court has retained exclusive jurisdiction to resolve precisely this type of dispute. Relatedly, the Bankruptcy Court has retained exclusive jurisdiction to effectuate such injunctive or other relief as may be necessary to enforce the Confirmed Plan. Plan Confirmation Order, at ¶ 88 of the Conclusions of Law (incorporating by referencing Plan, at Art. XII(12)). As a further related matter, the Bankruptcy Court retained jurisdiction to "determine any other matters that may arise in connection with or relate to the Restructuring Support Agreement, the Plan, the Disclosure Statement, the Confirmation Order, or the Plan Supplement" which includes the Warrant Packages detailed in the Plan Supplement and delivered pursuant to the terms of the Confirmed Plan. *See Id.* (incorporating by reference Plan, at Art. XII(16)).

Finally, the Bankruptcy Court retained jurisdiction to "adjudicate any and all disputes arising from or relating to distributions under the Plan or any transactions contemplated therein, including any Restructuring Transactions[.]" *See id.* (incorporating by reference Plan, at Art. XII(17)). Plainly, the Complaint alleges that the distribution received by Interest Owners differs from the distribution to which they are entitled under the Confirmed Plan. Moreover, the Warrant Package constitutes a transaction contemplated by the Plan to effectuate Unit Corporation's restructuring.

### C. Fifth Circuit Precedent Demonstrates That the Jurisdictional Retention in the Plan Confirmation Order and the Confirmed Plan Is Appropriate and Should Be Recognized By This Court Through Entry of an Order Dismissing the Complaint.

As is the case for all federal courts, bankruptcy courts are courts of limited jurisdiction. Post-confirmation, a bankruptcy court's jurisdiction is further circumscribed. "After a plan is confirmed, the bankruptcy court's jurisdiction is limited to matters pertaining to the implementation or execution of the plan" or in other words, "matters that impact compliance with or completion of the reorganization plan." *Highland Capital Mgmt., LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.)*, 522 F.3d 575, 589 (5th Cir.2008) (citing *Bank of La. v. Craig's Stores of Tex., Inc. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 390 (5th Cir.2001), and *United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d 296, 305 (5th Cir.2002)). The jurisdictional retention effected by the Plan Confirmation Order and the Confirmed Plan is consistent with the jurisdictional retention recognized by the Fifth Circuit. Plaintiffs' Complaint alleges that Unit Corporation has not executed its Confirmed Plan in compliance with the terms approved by the Bankruptcy Court. Thus, the Plaintiffs have brought

a suit in this Court that is squarely within the limited and exclusive jurisdiction of the Bankruptcy Court.[3]

The Plan Confirmation Order establishes the exclusive jurisdiction of the Bankruptcy Court, consistent with the Bankruptcy Code and Fifth Circuit precedent.  Plaintiffs did not appeal the Plan Confirmation Order. Such order is now final and non-appealable, meaning that Plaintiffs have waived any right to challenge the Bankruptcy Court's retention of exclusive jurisdiction to hear and decide the merits of their Complaint. Likewise, pursuant to Article XII of the Confirmed Plan, the Interest Owners, as contractual counterparties, further agreed that the Bankruptcy Court is the exclusive forum for the resolution of the claims raised in their Complaint. An exclusive forum-selection clause is a contractual agreement through which the Interest Owners consented to litigation in the Bankruptcy Court and waived all rights to select any other forum, including, without limitation, this Court.

### D.    Dismissal Is the Appropriate Remedy Under Rule 12(b)(6).

The mandatory and exclusive nature of the Plan Confirmation Order and of Article XII of the Confirmed Plan effects a waiver of the right to file suit in another forum because the language therein clearly amounts to "the intentional relinquishment or abandonment of a known right." *Wood v. Milyard*, 132 S. Ct. 1826, 1835 (2012) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 458 n. 13 (2004)). Thus, unless and until Plaintiffs file suit (or file an appropriate motion in the main bankruptcy case addressing the fundamental gating issue in this case) in the Bankruptcy Court, Article XII of the Confirmed Plan is an affirmative defense to Plaintiffs' Complaint. "A complaint

---

[3] The U.S. Supreme Court has also held that a "Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 2205, 174 L. Ed. 2d 99 (2009).

is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief"—such as "when an affirmative defense ... appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (internal quotation marks omitted; omission in original). Consequently, when a case is filed in the wrong forum, the defendant has a right to obtain its dismissal. *See, e.g., Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 874 (1994) (a forum-selection clause is a "contractual right to limit trial to [a particular] forum."). *See also* 14D Wright §3803.1, at 112 & n.72 (3d ed. 2007 & Supp. 2013) ("The better view … is that a forum selection clause does not render venue improper in an otherwise proper forum and that a valid clause should be enforced by either a Section 1404(a) transfer or a Rule 12(b)(6) motion to dismiss for failure to state a claim.") (citing cases).

### E.      Dismissal Is the Appropriate Remedy Under Rule 12(b)(3).

The Plan Confirmation Order provides, as a matter of law, that venue to determine the merits of the Complaint is limited to the Bankruptcy Court. Accordingly, an exception to 28 U.S.C. § 1391 applies and venue is "wrong" or "improper" in this Court.  To wit, section 1391 provides for general venue of actions in the district courts of the United States "[e]xcept as otherwise provided by law[.]" *Id.* The Bankruptcy Court, validly exercising powers referred to it by the Texas Federal District Court has "otherwise provided by law" that one and only one venue lies for this action.  Consequently, the Complaint should be dismissed under Rule 12(b)(3).

**F.       Dismissal Is the Appropriate Remedy Under Section 1406(a).**

Pursuant to the Plan Confirmation Order and the Texas Federal District Court's referral, the Bankruptcy Court is the only court in which venue properly lies.  Section 1406(a) provides that:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*Id.* It is not in the interest of justice that the case be transferred instead of dismissed.  Pursuant to the terms of a final, non-appealable order, the Bankruptcy Court retained exclusive jurisdiction to determine whether the Plan is being complied with and, thus, the Interest Owners willfully filed suit in this Court in violation of the Plan Confirmation Order.

In *CMI Roadbuilding, Inc. v. Wiregrass Construction Company, Inc.*, 2021 WL 2188807, Case No. CIV-20-832-D (W.D. Okla. May 28, 2021), this Court observed that:

> Where venue is improper, the Court must apply 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A court may cure "jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Section 1406(a) confers upon this Court the discretion to determine whether the action should be dismissed or transferred in the interests of justice. *Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) (unpublished opinion) (citing *Doering ex rel. Barrett v. Copper Mtn., Inc.*, 259 F.3d 1202, 1209 n.3 (10th Cir. 2001)). "[F]actors warranting transfer rather than dismissal ... include finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'" *Grynberg v. Ivanhoe Energy, Inc.*, 490 F.

> App'x 86, 106–07 (10th Cir. 2012) (quoting *Trujillo*, 465 F.3d at
> 1223 n.16.

*Id.*, 2021 WL 2188807, at *5. Plaintiffs have been on notice since the entry of the Plan Confirmation Order on August 6, 2020[4] that they could only file suit in the Bankruptcy Court. Consequently, despite any protestations to the contrary, they did not file their Complaint in this Court "in good faith" because they knew or should have known that they may only file the Complaint in the Bankruptcy Court.

Plaintiffs make clear in their Complaint that "they bargained for" their treatment under the Confirmed Plan. Complaint, at ¶ 6. Plaintiffs even reference unrelated provisions of the Confirmed Plan, such as the releases. *Id.* at ¶ 2. Indeed, Plaintiffs intimate that they are deeply knowledgeable concerning *all* the intricacies of the Plan, including, without limitation, the Releases, even going so far as to detail the mechanics of the opt-out provision to the Releases. *Id.* at ¶ 18. Yet, notwithstanding their mastery of the Plan, Plaintiffs' Complaint is silent on the Bankruptcy Court's continued, exclusive jurisdiction as set forth expressly in the Plan Confirmation Order and the Confirmed Plan.  Surely, if they read the rest of the Confirmed Plan and even bargained for provisions therein, they can be expected to have read the jurisdictional retention/forum-selection clause.

---

[4] In fact, and as this Court may take judicial notice of, Plaintiffs knew the terms of the proposed plan confirmation order no later than August 4, 2020.  Such proposed order included a paragraph 77 identical in substance to paragraph 88 of the Plan Confirmation Order, through which the Bankruptcy Court would retain jurisdiction.  *See [Proposed] Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Debtors' Amended Joint Chapter 11 Plan of Reorganization* [Doc. 322] filed in Case No. 20-32740 (DRJ) (Bankr. S.D. TX Aug 4, 2020).

**Proposition II**

**Pursuant to the Plan Confirmation Order, the Plaintiffs Released the Right to Bring, and Are Permanently Enjoined from Bringing, the Claims they Allege in the Complaint; Therefore, the Complaint Must be Dismissed.**

As the Complaint acknowledges, the Plaintiffs did not opt out of certain releases under the Confirmed Plan. Complaint at ¶ 39. In Article IX.F of the Plan, all "<u>Releasing Parties</u>," which includes all Plaintiffs, released Unit Corporation of, among many other things: [5]

> …any and all Claims, Causes of Action, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever… based on or relating to, or in any manner arising from, in whole or in part… the purchase, sale, or rescission of the purchase or sale of any Security of [Unit Corporation], the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan… or any Restructuring, contract, instrument, document, release, or other agreement or document… created or entered into in connection with the… the Plan, the Plan Supplement… the related agreements, instruments, and other documents… the Chapter 11 Cases… the pursuit of Confirmation… the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of Securities or other property pursuant to the Plan… or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.

As the Complaint also acknowledges, the allegedly inappropriate modifications to the Warrant Package occurred on September 3, 2020, which was itself the Effective Date. Complaint at ¶ 39. This means that those modifications were made on or before the Effective Date, and any issues with those modifications were thus released pursuant to the Releases in the Confirmed Plan.

---

[5] The Confirmed Plan's definition of Releasing Parties includes: "(c) all Holders of Claims and Interests who vote to accept the Plan; (d) each Holder of a Claim or Interest whose vote to accept or reject the Plan is solicited but who does not vote either to accept or reject the Plan; (e) each Holder of a Claim or Interest who votes, or is deemed, to reject the Plan and who does not elect the Release Opt-Out on its Ballot or Release Opt-Out Form, as applicable; and (f) the Holders of all Claims and Interests that were given notice of the opportunity to opt out of granting the releases set forth herein but did not opt out."

In conjunction with the Releases granted by the Releasing Parties in the Confirmed Plan, the Plan also provided for an Injunction, permanently prohibiting any Releasing Party from, among other things, "…commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests…" Confirmed Plan at p. 80-1.

The clear language of the Confirmed Plan itself is the best evidence that the Plaintiffs released the claims they attempt to bring in the instant action and thus are permanently enjoined from bringing such action, but the Plan Confirmation Order and the Plan Supplement confirm that Unit Corporation had reserved the right to modify the Warrant Package through the Effective Date, and that the Plaintiffs had notice that it could do so. The front page of the Warrant Agreement in the Plan Supplement reads verbatim (Plan Supplement at p. 389):

**EXHIBIT I**
**Form of Warrant Agreement**

This Exhibit I is not final and remains subject to (a) continuing negotiations among the Debtors and interested parties with respect thereto and (b) the consents set forth in the Plan and Restructuring Support Agreement. The Debtors reserve all rights to alter, amend, modify, or supplement the Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date, or any such other date as may be provided for by the Plan or by Order of the Court.

The Warrant Agreement itself is also clearly marked "DRAFT" in the top-right corner of the first page. Read together with the Confirmed Plan, the Plaintiffs had the information necessary to know that modification could be made to the Warrant Package through the Effective Date, and any issues pertaining to such modifications were subject to the Releases and the Injunction.[6]

---

[6] The Confirmed Plan provided the Plaintiffs and other similarly situated pre-bankruptcy stockholders the right to elect the Release Opt-Out, and if the Plaintiffs objected to the Warrant Package or the lack of finality of the form of

Finally, the Plan Confirmation Order is entirely consistent with Unit Corporation's reserved right to modify the Warrant Package through the Effective Date, and the Releases concerning the same. Concerning modification, the Plan Confirmation Order provides "the Debtors reserve the right to and may alter, amend, update, or modify the Plan Supplement before the Effective Date, provided that any such alteration, amendment, update, or modification shall be in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the terms of this Confirmation Order." Plan Confirmation Order at ¶ 18. Concerning the Releases, the Plan Confirmation Order contains specific and detailed findings that the Releases: "are fully consensual because all parties in interest, including all Releasing Parties, were provided with extensive and sufficient notice of the Chapter 11 Cases, the Plan, the deadline to object to confirmation of the Plan, and the process for opting-out of giving the Third-Party Releases, and all such parties were properly informed that the Plan contained release provisions that could affect such parties' rights." There are five lengthy and detailed paragraphs in the Plan Confirmation Order regarding the propriety, sufficiency, and enforceability of the Releases. *Id.* at ¶¶ 34-38.

Even if – as alleged by the Plaintiffs and categorically denied by Unit Corporation – Unit Corporation was somehow required to ask the Court for permission to and/or provide special notice of a modification whose possibility was fundamentally baked into the Plan Supplement, Confirmed Plan, and Plan Confirmation Order, the Plaintiffs released Unit Corporation pertaining to any such modification that occurred on or before the Effective Date, and were enjoined from bringing any action concerning such a modification, including the instant lawsuit.

------

the Warrant Package that existed prior to the Effective Date, they had the opportunity to avoid being bound by the Releases and the Injunction. They chose not to make that election.

If the Plaintiffs wish to dissolve the injunction and/ or avoid the release, which is the only way they can pursue any claims against Unit Corporation in this case, they must seek and obtain that relief in the Bankruptcy Court.

## Proposition III

**This Action is Superfluous Because Unit Corporation is Concurrently Filing a Motion to Enforce the Plan Confirmation Order in the Bankruptcy Court**

Unit Corporation does not intend to deny Plaintiffs their day in court, but they brought their claims in the wrong court. Unit Corporation's assertions herein that the Bankruptcy Court is the appropriate venue for the Plaintiffs' claims is anything but academic. Contemporaneously with the filing of this Motion, Unit Corporation is filing a *Motion for an Order Enforcing the Confirmation Order* in the Bankruptcy Court, which is attached hereto as <u>Exhibit</u> A and incorporated herein by reference.

The Motion to Enforce requests that the Bankruptcy Court enforce the Plan Confirmation Order, and order the Plaintiffs to immediately dismiss this litigation, which has been filed in violation of the Releases and the Injunction. If the Bankruptcy Court believes that there is a bona fide dispute concerning the Plan Confirmation Order, the Releases, the Injunction, and/or the allegedly inappropriate modification of the Warrant Package, the Bankruptcy Court now has those issues before it.

## Conclusion

For the foregoing reasons, under Rules 12(b)(3) and 12(b)(6), and section 1406(a), Unit Corporation respectfully requests that this Court dismiss the Complaint. Alternatively, Unit Corporation requests that the Court dismiss the Complaint because Plaintiffs have released and are permanently enjoined from bringing the causes of action alleged in the Complaint pursuant to the Plan Confirmation Order before the Bankruptcy Court. Because Unit Corporation is

contemporaneously filing a Motion to Enforce the Plan in the Bankruptcy Court, that Court is positioned to address all the issues raised in the Complaint and herein. Finally, Unit Corporation further requests such other relief as is necessary and in the interests of justice.

Respectfully submitted,

*/s/ L. Vance Brown*

Eric Huddleston, Esq.
L. Vance Brown, Esq.
**Elias, Books, Brown & Nelson, P.C.**
Two Leadership Square
211 North Robinson, Suite 1300
Oklahoma City, OK 73102-7149
ehuddleston@eliasbooks.com
vbrown@eliasbooks.com
Tel: 405-208-8555

Of Counsel:

**FROST BROWN TODD LLP**

_____

T. Ray Guy, Esq.[*]
Mark A. Platt, Esq.[*]
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
Telephone:     (214) 580-5852
Facsimile:      (214) 545-3472
Email:            mplatt@fbtlaw.com

Kenneth R. Breitbeil, Esq.[*]
4400 Post Oak Parkway, Suite 2850
Houston, TX 77027
Telephone:     (713) 590-9330
Facsimile:      (713) 824-7003
Email:            kbreitbeil@fbtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert J. Bartz

_/s/ L. Vance Brown_____
L. Vance Brown

0155872.0780738   4856-1555-0615v10

*Pro hac vice* application pending

17